IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **IZABELA FLORENCE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-3196-L** |
| | § | |
| **JAGUAR LAND ROVER NORTH AMERICA, LLC; LAND ROVER DALLAS, LLC; and JAGUAR LAND ROVER LIMITED,** | § § § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Land Rover Dallas LLC's Motion to Dismiss ("Motion" or "Motion to Dismiss") (Doc. 6), filed January 27, 2025. Also before the court are the requests in Plaintiff's Response (Doc. 8) to remand for lack of subject matter jurisdiction; to remand based on the forum defendant rule; and to amend her pleadings. For the reasons herein explained, the court determines that Plaintiff **waived** her right to seek remand based on the forum defendant rule. The court, however, will allow Plaintiff to amend her pleadings to conform to the federal pleading standard before ruling on the improper joinder argument urged by Defendant Land Rover Dallas LLC ("Land Rover Dallas") and the related issue of whether subject matter jurisdiction is lacking with Land Rover Dallas as a Defendant in this action. To avoid confusion, the court **denies without prejudice** Plaintiff's request to remand for lack of subject matter jurisdiction (Doc. 8) and Land Rover Dallas's Motion (Doc. 6) to the extent it is based on improper joinder, which may be reurged after Plaintiff amends her pleadings.

Memorandum Opinion and Order – Page 1

I.      **Factual and Procedural Background**

Plaintiff Izabela Florence ("Plaintiff") originally brought this action against Defendants Jaguar Land Rover North America, LLC; Jaguar Land Rover Limited; and Land Rover Dallas (collectively, "Defendants") in state court. In her Petition, Plaintiff alleges in pertinent part as follows regarding the events that gave rise to this lawsuit:

> 10. On or about May 22, 2024, Plaintiff Izabela Florence was in the driveway of her home, located at 7231 Stefani Drive, Dallas, Texas. Plaintiff had parked her vehicle, a Jaguar Land Rover, and exited while the vehicle was in the park position. Moments after Plaintiff exited the vehicle, it unexpectedly began reversing on its own.
>
> 11. The vehicle struck Plaintiff, running over her, and continued to roll across the street, eventually colliding with the neighboring house, causing damage to the structure. Plaintiff sustained serious injuries as a result of being run over by the vehicle.
>
> 12. The vehicle in question was purchased from Defendant Land Rover Dallas, LLC, on or about February 2020. The vehicle is equipped with a safety feature designed to prevent it from moving when the door is opened while in park.
>
> 13. Plaintiff was concerned about the failure of the vehicle's safety feature, which was intended to stop the vehicle from moving when the door was opened. Despite routine servicing at Defendant Land Rover Dallas, LLC, the safety mechanism malfunctioned, leading to the accident. The Plaintiff's vehicle had been exclusively serviced at Land Rover Dallas since its purchase.
>
> 14. Defendants Jaguar Land Rover North America, LLC, and Jaguar Land Rover Limited were responsible for the design, manufacturing, and distribution of the vehicle and its components, including the defective safety feature. Plaintiff will show that this malfunction was a result of the defective design of the vehicle.
>
> 15. As a result of the incident, Plaintiff has suffered physical injuries, pain and suffering, medical expenses, and damage to property. Plaintiff contends that the negligence and defective product provided by Defendants are the direct and proximate cause of these injuries and damages.

Doc. 1-3 ¶¶ 10-14. Plaintiff's Petition asserts a product liability claim under Texas law based on defective design against Jaguar Land Rover North America, LLC and Jaguar Land Rover Limited. In addition, she asserts claims under Texas law for negligence, breach of express and implied

warrant, negligent misrepresentation, and gross negligence against all Defendants. She alleges that she sustained serious injuries and damages as a direct and proximate result of Defendants' acts and omissions and seeks damages for:

> a. Physical pain and suffering;
> b. Mental anguish;
> c. Physical impairment and disfigurement;
> d. Loss of enjoyment of life;
> e. Reasonable and necessary medical expenses, including past and future medical care, rehabilitation, and therapy;
> f. Property damage, including the cost to repair or replace Plaintiffs vehicle and damage to the neighboring house;
> g. Loss of income and loss of earning capacity;
> h. Exemplary damages due to Defendants' gross negligence; and
> i. Any other damages to which Plaintiff may be justly entitled under Texas law.

Doc. 1-3 ¶ 33.

On December 19, 2024, Jaguar Land Rover North America, LLC removed the case to federal court based on diversity jurisdiction, alleging that the citizenship of Land Rover Dallas should be ignored because it was improperly joined. In its Notice of Removal, Jaguar Land Rover North America, LLC characterizes this action and Plaintiff's claims as a products liability action, contending that removal is proper because:

> [c]omplete diversity exists between the Plaintiff, a resident and citizen of Texas, and the properly joined defendants, which are citizens of different states and countries and none of which is a citizen of Texas. The only non-diverse defendant named in this lawsuit is a motor vehicle dealership, Land Rover Dallas LLC, who has been improperly joined. There is no possibility that Plaintiff will recover on her claims against the dealership in this product-liability action. Accordingly, removal is proper because complete diversity exists between the properly joined parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Doc. 1 at 1-2.

On January 27, 2025, Land Rover Dallas filed its current Motion, contending that dismissal without prejudice of all claims asserted against it in this removed action is appropriate because it

was improperly joined. Land Rover Dallas argues that it was improperly joined because Plaintiff has not asserted any viable claims against it. Land Rover Dallas asserts other bases for dismissal including lack of subject matter jurisdiction, lack of personal jurisdiction, and misjoinder or nonjoinder under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 21, but it clarifies in its reply brief that the essence of its Motion is its improper joinder challenge, and it contends that the resolution of this issue is dispositive.

Like Jaguar Land Rover North America, LLC, Land Rover Dallas characterizes this action and Plaintiff's claims as a products liability action based on the broad definition of "products liability action" in section 82.001(2) of the Texas Civil Practice and Remedies Code, which defines this term as:

> *any action* against a . . . seller for recovery of damages arising out of personal injury, death, or property damages allegedly caused by a defective product *whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories*.

Doc. 7 at 8 n.1 (quoting Tex. Civ. Prac. & Rem. Code Ann. 82.001(2)) (emphasis added by Land Rover Dallas). Land Rover Dallas contends that all claims asserted against it in this action—concerning its alleged failure to inspect or test the functionality of the vehicle's safety system, alleged failure to provide adequate warnings regarding known or foreseeable risks posed by the allegedly defective vehicle safety feature, and alleged failure to repair or correct the allegedly defective safety feature during routine servicing of the vehicle—fall within this definition because they pertain to an alleged design defect. Land Rover Dallas, therefore, asserts that the claims are barred because, under Texas law, nonmanufacturing sellers of products like it concerning a vehicle are "generally exempt from liability" unless one of the seven statutory exceptions in section 82.003(a) applies, and Plaintiff's Petition does not allege that any of these exceptions apply to the

claims asserted against it. Doc. 7 at 8 (citations omitted). Land Rover Dallas further asserts that it had no duty under Texas law to redesign or warn of the alleged defect. *Id.* at 8-9 (citing *Coulter v. Deere & Co.*, No. 21-2105, 2022 WL 912778 * 4 (S.D. Tex. Mar. 29, 2022)).

Land Rover Dallas further asserts that some of Plaintiff's claims fail for other reasons. Land Rover Dallas argues that Plaintiff's claim for breach of warranty fails because it is time-barred, and the warranty on Plaintiff's vehicle had expired. Land Rover Dallas contends that Plaintiff's negligent misrepresentation claim fails because it cannot be used to recover for physical injuries. Land Rover Dallas contends that Plaintiff's negligent misrepresentation and gross negligence claims also fail because they are pleaded against all "Defendants" without specifying any actionable conduct by it. Finally, Land Rover Dallas argues that Plaintiff's gross negligence fails because her pleadings simply recite the elements for gross negligence.

In response to the Motion, Plaintiff contends that she has asserted plausible claims against Land Rover Dallas and requests that the court deny Motion to Dismiss and remand this action to state court for lack of subject matter jurisdiction based on diversity. In addition, she argues that remand is warranted because the removal of this action violates the prohibition under 28 U.S.C. § 1441(b)(2) against the removal of actions involving properly joined in-state defendants. Alternatively, she requests to amend her pleadings. Land Rover Dallas opposes Plaintiff's request to amend her pleadings.

## II.     Improper Joinder Under Rule 12(b)(6) and Plaintiff's Request to Amend

Although Land Rover Dallas alleges that it was improperly joined, it moved for dismissal under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 21, and merely incorporated by reference the improper joinder argument made in Jaguar Land Rover North America, LLC's Notice of Removal. Improper joinder is recognized in two situations: (1) when there is actual

fraud in the pleading of jurisdictional facts; and (2) when there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state, nondiverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Land Rover Dallas's Motion involves the second situation. A motion to dismiss based on improper joinder is governed by a Rule 12(b)(6)-type analysis, not Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), or 21. *See Smallwood*, 385 F.3d at 573-74.

As indicated, Plaintiff contends that subject matter jurisdiction based on diversity of citizenship is lacking because, like her, Dallas Land Rover is a citizen of Texas. She disagrees that her claims as currently pleaded are insufficient to state valid claims for relief under Texas law against Land Rover Dallas, but she also requests leave to amend her pleadings to address any potential deficiencies in her state court pleadings with respect to Land Rover Dallas.

Land Rover Dallas counters that the arguments Plaintiff makes in responding to its Motion based on improper misjoinder go outside of her pleadings. In addition, it contends that Plaintiff should not be allowed to amend her pleadings because, in determining whether removal jurisdiction exists, federal courts must consider the allegations in a plaintiff's state court petition at the time of removal. Land Rover Dallas, therefore, argues that, after a case is removed based on improper joinder, a plaintiff cannot amend his or her pleadings to state a claim against a nondiverse defendant for purposes of divesting the court of jurisdiction. Doc. 9 at 10 (citing and quoting *Manguno v. Prudential Prop. Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995); and *Saenz v. Allstate Inc. Corp.*, No. M-11-130, 2011 WL 13257706, at *3 (S.D. Tex. Aug. 19, 2021)).

In *International Energy Ventures Management, Limited Liability Company v. United Energy Group Limited*, the Fifth Circuit concluded that its precedent required state court petitions

in removed action to be evaluated under the federal pleading standard. 818 F.3d 193, 204 (5th Cir. 2016) ("*Smallwood* . . . instructs us to apply the Rule 12(b)(6)-type analysis, which must mean the entirety of that analysis. Because that analysis is inseparable from the federal pleading standard, this is an instruction to apply the federal pleading standard.") (citing *Smallwood*, 385 F.3d at 573). Two years later, the Fifth Circuit in *Peña v. City of Rio Grande City* held that, when a defendant challenges the pleadings on the merits after a case is removed to federal court, the plaintiff should be given leave to amend his or her complaint to conform the claims alleged in the state court petition to the federal pleading standard. 879 F.3d 613, 617 (5th Cir. 2018). Although *Peña* concerned a motion for judgment on the pleadings rather than a motion to dismiss for improper joinder, *id.* at 616, the Fifth Circuit in *Palmquist v. Hain Celestial Group, Incorporated* determined that, under existing precedent, post-removal amendment is not foreclosed when improper misjoinder is alleged. 103 F.4th 294, 303 (5th Cir. 2024).

In reaching this determination, the court in *Palmquist* rejected an argument similar to that urged here by Land Rover Dallas that *Cavallini* and other cases preclude a district court's examination of a post-removal amended pleading. *Id.* The court in *Palmquist* explained that "[a]lthough post-removal filings may not be considered 'to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court,' they can be considered to the extent they 'clarify or amplify the claims actually alleged' in the removed pleading." *Id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (citing *Cavallini*, 44 F.3d at 263)). Thus, although subject matter jurisdiction is generally determined by reference to the operative state court pleading at the time of removal, the court may consider allegations in an amended complaint to the extent such allegations merely clarify or amplify the causes of action already alleged in Plaintiff's state court Petition. This rule stems from a corollary

Memorandum Opinion and Order – Page 7

rule in this circuit that a federal district court must apply the federal pleading standard when deciding whether a defendant has been improperly joined. *See Palmquist*, 103 F.4th at 303-04 (permitting plaintiffs to "'clarify' their already averred jurisdictional allegations after removal for purposes of an improper joinder analysis" because "a plaintiff should not be penalized for adhering to the pleading standards of the jurisdiction in which the case was originally brought").

The court shares *some* of Land Rover Dallas's concerns regarding the adequacy of Plaintiff's current pleadings; however, Plaintiff's Petition was governed by the state pleading standard, and she has not amended her pleadings since the case was removed to federal court. The court will, therefore, allow Plaintiff to amend her pleadings consistent with Fifth Circuit precedent to conform to the federal pleading standard. Thereafter, Plaintiff may reurge her motion to remand for lack of subject matter jurisdiction, and Land Rover Dallas may reurge its motion to dismiss based on improper joinder, as the issues in both motions are related in that they both concern whether the citizenship of Land Rover Dallas should be considered in determining if there is complete diversity of citizenship between Plaintiff and Defendants as required for removal jurisdiction based on diversity.

If Land Rover Dallas moves again to dismiss the claims against it based on improper joinder, the court's analysis will be limited to the allegations in Plaintiff's amended complaint *that clarify or amplify the claims previously alleged in the Petition that Plaintiff filed in state court*, as it cannot consider new causes of action or theories of recovery not previously included in her Petition in determining whether Land Rover Dallas was properly joined as a party to this action. *See Palmquist*, 103 F.4th at 303 (citations omitted).

**III.     Defendant's Alternative Ground for Dismissal—Lack of Personal Jurisdiction**

Land Rover Dallas appears to argue in the alternative that its dismissal from this removed action is warranted under Rule 12(b)(2) for lack of personal jurisdiction, but it does not explain or adequately brief why it believes that the court lacks personal jurisdiction over it.

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation marks omitted). "When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996). A plaintiff satisfies this burden by "presenting a prima facie case for personal jurisdiction." *Colwell Realty Invs., Inc. v. Triple T Inns of Az., Inc.*, 785 F.2d 1330, 1333 (5th Cir. 1986). "Proof by a preponderance of the evidence is not required" at the pleading stage. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). In determining whether the plaintiff has made a prima facie showing of personal jurisdiction, the allegations in the plaintiff's pleadings "must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985). Thus, the court may consider affidavits, depositions, and other documentation outside of the plaintiff's complaint when determining whether personal jurisdiction exists over a nonresident defendant. *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332 (5th Cir. 1982).

Here, Plaintiff's Petition alleges that Land Rover Dallas maintains its principal place of business at 11400 North Central Expressway, Texas; that all Defendants conduct business in Texas; and that all or a substantial part of the events or omissions giving rise to her claims occurred

in Dallas County, Texas.  In response to the Motion to Dismiss, Plaintiff also asserts that: (1) "she purchased and serviced her vehicle at Defendant [Land Rover Dallas's] dealership in Texas"; and (2) Land Rover Dallas "engaged in commercial transactions by selling, servicing, and maintaining vehicles for Texas residents." Doc. 8 at 9.  These jurisdictional facts are not included in Plaintiff's Petition. Land Rover Dallas, however, did not dispute these facts in its reply brief.

Likewise, Land Rover Dallas does not dispute *any of the jurisdictional facts alleged in Plaintiff's Petition*; nor does it dispute that it is a citizen of Texas.  Instead, it simply contends that the court can disregard its citizenship for purposes of removal because it was improperly joined. From this, the court determines that Land Rover Dallas has sufficient minimum contacts with Texas to support the exercise of personal jurisdiction over it, and any argument by it to the contrary is without merit. The court further determines that the assertion of jurisdiction over Land Rover Dallas would comport with "fair play and substantial justice."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).  Accordingly, to the extent dismissal is sought by Land Rover Dallas based on lack of personal jurisdiction, its Motion is **denied.**

### IV.     Plaintiff's Alternative Ground for Remand Under Section 1441(b)(2)

In addition to arguing that subject matter jurisdiction based on diversity of citizenship is lacking, Plaintiff moves to remand, contending that removal of this action violates § 1441(b)(2) because Land Rover Dallas is a citizen of Texas, and it was properly joined and served before the case was removed to federal court.  Land Rover Dallas asserts that Plaintiff waived this ground for remanding the action by not asserting it within the time required by the statute.  The court agrees with Land Rover Dallas that Plaintiff waived this argument.

The forum defendant rule prohibits defendants from removing a state court lawsuit to federal court if any of the defendants is a citizen of the state where the lawsuit was filed.  28 U.S.C.

**Memorandum Opinion and Order – Page 10**

§ 1441(b)(2). As Land Rover Dallas correctly notes, however, Plaintiff waived any objection she may have had in this regard by not raising it within thirty days after this case was removed. Unlike motions to dismiss or remand for lack of subject matter jurisdiction, which can be made at any time, the Fifth Circuit has held that the forum defendant rule is procedural, not jurisdictional, and thus may be waived. *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991) (concluding that improper removal in violation of § 1441(b) is a waivable procedural defect and, therefore, subject to § 1447(c)'s time limit for motions to remand) (footnote omitted); *see also* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). As Plaintiff did not move to remand on this ground within thirty days of this case being removed to federal court, she **waived** any defect in removal under § 1441(b)(2). Accordingly, her request to remand on this ground is **denied** as untimely.

V.      Conclusion

For the reasons stated, Plaintiff's request to remand, pursuant to 28 U.S.C. § 1441(b)(2), (Doc. 8) is **denied** as untimely and **waived**; Plaintiff's request to amend her pleadings (Doc. 8) is **granted**; and Defendant's Motion to Dismiss (Doc. 6) is **denied** *to the extent it is based on lack of personal jurisdiction*. Having determined that Plaintiff should be allowed to amend her pleadings before the court addresses Defendant's Motion to Dismiss *based on improper joinder* (Doc. 6) and Plaintiff's *related request to remand for lack of subject matter jurisdiction* (Doc. 8), the court **denies without prejudice** these Motions (Docs. 6, 8), which may be reurged after the deadline for Plaintiff to amend her pleadings to conform to the federal pleading standard. Plaintiff must file an amended complaint by **July 1, 2025**, consistent with the court's instructions and parameters

previously stated. *Failure to file an amended complaint by this date may result in the sua sponte dismissal of Plaintiff's claims against Land Rover Dallas.*

**It is so ordered** this 10th day of June, 2025.

Sam A. Lindsay
United States District Judge